If the remaining averments of the petition as to Johnson's usurpation of the office be true, as the demurrer technically admits, it is a case for action by the attorney-general, not by Slater, since he shows no right to the office in himself.

The demurrer will be sustained.

**Wilson** and **Sullivan, JJ.,** concur.

---

## RECEIVERS.

[Hamilton (1st) Circuit Court, February 18, 1905.]

Jelke, Swing and Giffen, JJ.

ELIZABETH EICHERT, EXRX. v. ELIZABETH EICHERT, WIDOW, ET AL.

RIGHT TO RECEIVERSHIP FUNDS ON DISCHARGE OF RECEIVER.

In an action to sell real estate to pay the debts of a decedent, a receiver having been appointed on the application of certain creditors and subsequently the action dismissed, without prejudice, as to all parties applying for the receivership and the receiver discharged, the money and property in the hand of the receiver at the time of his discharge are held subject to the order of the court appointing him, and the successful party to such action is not entitled to any part of the receivership funds by virtue of the discharge of the receiver and dismissal of the action.

APPEAL from Hamilton common pleas court.

**F. S. Starkey** and **J. G. Hudson,** for plaintiff.

**Chris. Von Seggern** and **Tafel & Schott,** for defendants.

GIFFEN, J.

This action was commenced in the court of common pleas for the purpose of selling real estate to pay the debts of the testator.

On November 21, 1900, the defendant, F. S. Starkey, was appointed receiver to take charge of all the property in the petition described, with sole power to collect rents from the various tenants and to apply the proceeds thereof under the direction of the court toward the insurance of the premises against loss by fire, and toward the redemption of said property from forfeiture for unpaid taxes.

On April 11, 1901, the action was dismissed without prejudice to the rights and claims of the Bodmann German Protestant widows' home, Gustav Tafel, and W. T. Wagners' Sons Company on their mortgages held by them respectively.

On October 10, 1903, F. S. Starkey, as receiver, took a receipt from Elizabeth Eichert, life tenant of the premise, for the sum of $455.73.

On October 12, 1903, the court made an order directing the re-

ceiver to turn over the money then in his hands, and collected by him as receiver, to Elizabeth Eichert. On October 31, 1903, the court found that this order was inadvertently made and thereupon set it aside.

On March 30, 1904, F. S. Starkey and J. G. Hudson were made parties defendant, and filed an answer in which they aver that on the ―――― day of October, 1900, Elizabeth Eichert, the life tenant, in consideration of services performed and to be performed by them as attorneys, assigned and transferred to them all of the rents, amounting to $1,200, and that after deducting the $455.73, for which the receipt of Elizabeth Eichert had been given, there remained a balance due of $744.27.

On March 30, 1904, the report of the receiver showing a balance of $1,628.41 in his hands, was approved and confirmed. And the caus⸱ coming on further to be heard upon the motion of Elizabeth Eichert, to require the receiver to pay over to her the funds in his hands, and the answer of F. S. Starkey and J. G. Hudson, the court ordered the receiver to pay the sheriff of Hamilton county, Ohio, said sum of $1,628.41, together with all rents collected since February 20, 1902, less the necessary expense and the fee to him, F. S. Starkey, of $175, and ordered the sheriff to distribute and disburse said moneys in accordance with the terms of any order the court may make in case No. 123,678, entitled "Gustav Tafel, plaintiff, v. Eichert et al., defendants, Hamilton county court of common pleas," in which case the property described in the petition had been sold by the sheriff. And thereupon the court terminated the receivership.

No money was paid by the receiver to Elizabeth Eichert when the receipt of October 10, 1903, was executed. It was simply an exchange of receipts between the receiver and Elizabeth Eichert, and was without authority from the court appointing him. The subsequent order of October 12, 1903, was never complied with and being set aside on October 31, became a nullity.

It is claimed by the receiver that by the dismissal of the suit, the rights of the parties were finally established, and that as receiver he held the fund for the benefit of the successful party; that no order of the court was required to perfect the title of such party to the fund. He relies upon the rule stated in 23 Am. & Eng. Enc. of Law (2 ed.) 1128, as follows:

"The functions of a receiver are, as a rule, terminated by a final decree in the cause, whereupon the receiver ceases longer to act in the capacity of receiver, but becomes a trustee as to the property in his possession for the person entitled thereto under the decree. This rule applies, it has been held, though there is no formal order made discharging the receiver."

Eichert v. Eichert.

In this case, however, no decree was entered fixing the rights of the parties, but on the contrary the case was dismissed without prejudice to the rights of the very defendants upon whose application the receiver was appointed. Among those rights was the one to have the proceeds of the rents collected by the receiver applied to the payment of their claims after the payment of taxes or other prior liens:

The receiver is an officer of the court appointing him, and subject to its direction and control. At the time of the appointment, the receiver was empowered to apply the proceeds, under the direction of the court, towards the insurance of the premises against fire. and toward the redemption of said property for forfeiture for unpaid taxes. It appears that no taxes were paid by the receiver. Under such circumstances, Elizabeth Eichert, life tenant, was entitled to no part of the fund, and the receiver was bound to account for the same to the court appointing him.

We think the order appealed from was proper and a like order will be made in this court.

**Jelke** and **Swing, JJ.,** concur.